UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-MJ-00024-SMM

FILED BY ___MB___ D.C.

Mar 7, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES OF AMERICA,

v.

JAMES LEROY HULEN,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **Yes.**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   **No.**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No.**

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   **No.**

                                    Respectfully submitted,

                                    HAYDEN P. O'BYRNE
                                    UNITED STATES ATTORNEY

                    By:    /s/ Carmen M. Lineberger
                                CARMEN M. LINEBERGER
                                Managing Assistant United States Attorney
                                Court ID No.: A5501180
                                101 S. US Hwy 1, Suite 3100
                                Fort Pierce, Florida 34950
                                Tel: (772) 466-0899
                                Carmen.Linberger@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ___MB___ D.C.
Mar 7, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

| | |
|---|---|
| United States of America<br>v.<br>**JAMES LEROY HULEN,**<br><br>*Defendant(s)* | Case No. 25-MJ-00024-SMM |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 12, 2024__ in the county of __Highlands__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

*Complainant's signature*

Andrew Irwin, Special Agent, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date: 3/7/2025

*Judge's signature*

City and state: Fort Pierce, Florida

Shaniek Mills Maynard, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Special Andrew Irwin, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.　　I am employed as a Special Agent with the United States Drug Enforcement Administration ("DEA"), and have been employed with said Administration since September 11, 2010. I am a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States, who is empowered by law, and duly authorized by the United States Attorney General, to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1), and in Title 21, United States Code, Section 878.

2.　　Prior to employment with the DEA, I was employed as a police officer and narcotics agent with the West Palm Beach Police Department from October of 2004 to September of 2010. During this time, I received specialized training regarding the investigation and prosecution of offenses involving the possession, manufacture, distribution, and importation of illegal drugs, as well as methods used to conceal and finance illegal drug transactions.

3.　　I am currently assigned to the DEA Port St. Lucie Resident Office, and regularly coordinate investigative efforts with various federal, state and local law enforcement agencies, who work together in a cooperative relationship to further the investigations of criminal violations of federal and local laws; particularly those relating to narcotics offenses.

4.　　During my tenure as a law enforcement officer, I have conducted investigations of, and have been instructed in, investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, money

1

laundering, maintaining places for purposes of manufacturing, distributing or using controlled substances, and conspiracies to commit these offenses. I have received extensive training in conducting these investigations and in identifying the means and methods used by narcotics traffickers.

5. I have used numerous confidential informants and cooperating witnesses to successfully infiltrate various-sized narcotics enterprises by way of intelligence gathering, participation in consensual recordings, and monitored purchases of controlled substances. I have executed search warrants for controlled substances-related documents and has conducted surveillance in connection with numerous narcotics investigations. My training and experience, along with conversations with other federal, state, and local investigators familiar with narcotics trafficking, form the basis of the opinions and conclusions set forth below.

6. The facts contained in this affidavit are based on my personal knowledge, as well as information relayed to me by other law enforcement personnel involved in this investigation. This affidavit is being submitted for the sole purpose of establishing probable cause that on August 12, 2024, James Leroy Hulen ("Hulen"), did possess with the intent to distribute, more than 5 grams of methamphetamine actual, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii). This affidavit therefore does not contain every fact known to me regarding this investigation.

## **PROBABLE CAUSE**

### **Controlled Purchase of Methamphetamine on July 31, 2024**

7.  On July 31, 2024, the Highlands County Sheriff's Office (HCSO) utilized a Confidential Source (CS) to conduct an audio and video-recorded controlled purchase of approximately 6.2 grams of methamphetamine actual from Hulen, for a price of one hundred dollars ($100.00) in Avon Park, Highlands County, Florida.

8.  Before this controlled purchase, HCSO Detective Benjamin Toney and I met with the CS at a predetermined location. The CS was searched for contraband; none was located. Detective Toney provided the CS with one hundred dollars ($100.00) of HCSO official authorized funds, to be utilized for the purchase of methamphetamine from Hulen. The CS was then provided with an audio and video recording device, and directed to travel to the residence of Hulen, located at 108 N. Prospect Avenue, Avon Park, Highlands County, Florida. During this time, the CS was under continual law enforcement surveillance and did not make any stops or contact with anyone prior to arriving at this location.

9.  Upon arriving at 108 N. Prospect Avenue, Avon Park, Highlands County, Florida, the CS met with Hulen, on the enclosed front porch of this property. Hulen provided the CS with two, blue, small, transparent plastic bags which contained a total of approximately 6.2 grams of methamphetamine actual, in exchange for the one hundred dollars ($100.00) of HCSO authorized funds.

10. Immediately after this exchange, the CS travelled directly back to a predetermined location, wherein he/she met with Detective Toney and me. During this time, the CS was under continual law enforcement surveillance and did not make any stops or contact with anyone, prior to arriving at this location. Detective Toney recovered the two, blue, small, transparent plastic

3

bags, which contained a total of approximately 6.2 grams of methamphetamine actual from the CS. Detective Toney also recovered the audio and video recording device from the CS. The CS was again searched for contraband; none was located.

11. On July 31, 2024, Detective Toney transferred care, custody, and control of the two, blue, small, transparent plastic bags, which contained a total of approximately 6.2 grams of methamphetamine actual methamphetamine to the HCSO evidence custodian. On September 3, 2024, I transferred these two, blue, small, transparent plastic bags, which contained a total of approximately 6.2 grams of methamphetamine actual to the DEA Southeast Regional Laboratory (SERL), for analysis. On September 14, 2024, SERL issued a Chemical Analysis Report, confirming this to be methamphetamine hydrochloride, with a net weight of 6.3 grams, a purity of 99%, and a pure substance weight of 6.2 grams.

12. I have reviewed the recording of this controlled purchase, and can clearly identify Hulen providing the CS with the two, blue, small, transparent plastic bags which contained a total of approximately 6.2 grams of methamphetamine actual.

### Execution of State Search Warrant on August 12, 2024

13. On August 9, 2024, Florida's 10th Judicial Circuit Court Judge Peter F. Estrada signed a state search warrant, authorizing law enforcement to search 108 N. Prospect Avenue, Avon Park, Highlands County, Florida. The search warrant allowed law enforcement to search for and seize, among other things, methamphetamine and other illegal narcotics, drug paraphernalia, U.S. currency, and ledgers documenting drug activities.

14. On August 12, 2024, the HCSO executed a search warrant at 108 N. Prospect Avenue, Avon Park, Highlands County, Florida. During the execution of this search warrant, HCSO Deputy Triston Ragoodial made initial contact with Hulen, just outside his residence. As

4

he was being in the process of being detained, Hulen discarded a clear plastic baggie, containing approximately 25.2 grams of methamphetamine actual, from his person. The dash camera, which was positioned on the front of Deputy Ragoodial's marked vehicle, clearly captured and recorded Hulen discard this 25.2 grams of methamphetamine actual, from his person, seconds before he was detained by Deputy Ragoodial.

15. As a result of this search warrant, additional pieces of evidence were located and seized by law enforcement, to include a loaded handgun and a digital scale.

16. Detective Toney conducted a post-Miranda interview of Hulen. During this interview, Hulen admitted to having possessed the clear plastic baggie, containing approximately 25.2 grams of methamphetamine actual, which was located during the execution of the search warrant at 108 N. Prospect Avenue, Avon Park, Highlands County, Florida, on August 12, 2024. During this interview, Hulen identified a subject from whom he purchased quantities of methamphetamine. He further admitted that he had been selling narcotics for most of his adult life, and currently profits approximately one hundred to two-hundred dollars, per day, as the result of his selling quantities of methamphetamine.

17. Based on the evidence gathered, as a result of this search warrant, Hulen was arrested by the HCSO, pursuant to violations of Florida State Statutes, and he was transported to the Highlands County Jail.

18. On August 12, 2024, Detective Toney transferred care, custody, and control of the clear plastic baggie, containing approximately 25.2 grams of methamphetamine actual to the HCSO evidence custodian. On September 3, 2024, I transferred this clear plastic baggie, containing approximately 25.2 grams of methamphetamine actual to the SERL for analysis. On September 17, 2024, SERL issued a Chemical Analysis Report, confirming this to be

methamphetamine hydrochloride with a net weight of 27.2 grams, a purity of 93%, and a pure substance weight of 25.2 grams.

19. I have reviewed the recording from the dash camera positioned on the front of Deputy Ragoodial's marked vehicle, and can clearly identify Hulen discard this 25.2 grams of methamphetamine actual, from his person.

20. Based on my training and experience, I know that 25.2 grams of methamphetamine actual is a distribution quantity of methamphetamine and is inconsistent with mere possession for personal use. The current "street" value of methamphetamine in Highlands County, Florida, is approximately one hundred eighty dollars ($180.00) to three hundred dollars ($300.00) per ounce.

21. Avon Park, Highlands County, Florida, is within the Southern District of Florida.

## CONCLUSION

22. Based upon the foregoing, I respectfully submit that there is probable cause that on August 12, 2024, James Leroy Hulen did possess with the intent to distribute, more than 5 grams of methamphetamine actual, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Andrew Irwin
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me, by videoconference, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure, in Fort Pierce, Florida, this __7th__ day of March, 2025.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

6